IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL WILLIAMS,** )<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JO ANNE B. BARNHART,** )<br>Commissioner of Social Security, )<br>Defendant. ) | **Civil Action No. 05-880**<br>**Electronically Filed** |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court is Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412, As Amended (Document No. 20), seeking attorney's fees under the EAJA in the amount of $4205.00, based upon an expenditure of 29 hours at the standard rate of $145.00 @ hour.[1]  Defendant has filed a response seeking a reduction in attorney's fees to $3,371.25 on the basis that the 29 hours billed was excessive, and that the proper hourly charges should be 23.25 hours.

In order for plaintiff to prevail under the EAJA, 28 U.S.C. §2412(d)(1)(B), the Court must find that: (1) claimant is a prevailing party; (2) the Government's position was not substantially justified; and (3) no special circumstances exist to make an award unjust. *See United States v. Eleven Vehicles*, 937 F.Supp. 1143, 1150 (E.D. Pa. 1996). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are

---

[1] The Court notes that plaintiff's petition for attorneys fees is timely, having been filed within 90 days of the date this Court's judgment became a "final judgment" within the meaning of 28 U.S.C. § 2412(d)(1)(B). *Kadelski v. Sullivan*, 30 F.3d 399, 401 (3d Cir. 1994).

sought." 28 U.S.C. § 2412(d)(1)(B).

After careful consideration of this petition for attorney's fees, review of the respective briefs for the parties on their cross motions for summary judgment, and review of the Court's decision of November 30, 2005, the Court agrees with plaintiff that the defendant's denial of plaintiff's claim does not appear to have been substantially justified, and finds that the hours billed are not excessive and that the hourly rate claimed is reasonable. Accordingly, the Court will grant plaintiff's petition.

**AND NOW, this 10th day of February, 2006**, Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412, As Amended (Document No. 20) is **HEREBY GRANTED**.

SO ORDERED this 10th day of February, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record as listed below

Karl E. Osterhout , Esquire
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA 15218
karl@keolaw.com

Paul Kovac, Esquire
AUSA